IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

ADRIAN MULDROW,                 *

      Plaintiff,           *

          v.                *       CIVIL NO.: WDQ-11-0519

SCHMIDT BAKING COMPANY, INC.,
et al.,                         *

      Defendants.          *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

MEMORANDUM OPINION

Adrian Muldrow sued Schmidt Baking Company, Inc. ("Schmidt") and Two Farms, Inc., d/b/a Royal Farms Store ("Royal Farms") for violations of Title VII of the Civil Rights Act of 1964 ("Title VII"),[1] and related claims. For the following reasons, Royal Farms's motion to dismiss[2] Count X will be granted.

---

[1] 42 U.S.C. §§ 2000e et seq.

[2] The Court will treat the motion as one for judgment on the pleadings under Fed. R. Civ. P. 12(c). On August 24, 2011, Royal Farms filed its motion to dismiss under Fed. R. Civ. P. 12(b)(6), ECF No. 25, but Royal Farms had filed an answer to the complaint on April 20, 2011, ECF No. 13. A motion to dismiss filed after an answer is construed as a motion for judgment on the pleadings, although "the distinction is one without a difference" because the same standard of review applies to both motions. *Burbach Broad. Co. of Del. v. Elkins Radio Corp.*, 278 F.3d 401, 405 (4th Cir. 2002).

I. Background[3]

On March 3, 2006, Schmidt hired Muldrow, an African American male, as "general help." Compl. ¶ 10. On February 12, 2007, he was promoted to "route salesman." *Id.*

On May 4, 2010, Muldrow stopped at Royal Farms Store No. 15 in Essex, Maryland. *Id.* ¶ 11. While he was conducting his "routine maintenance of the Schmidt displays," he was approached by the store's white, female manager. *Id.* The manager, who was "aggressive and disrespectful," gave Muldrow a "menacing look" and asked in a "snarling tone . . . who he was and why he was there." *Id.* Muldrow, who was in uniform, told her that he was a Schmidt employee conducting inventory and asked her to "check-in the inventory, sign his invoice, and kindly assist with his purchase of a money order so that he [could] continue to his next stop." *Id.* ¶¶ 11-12.

When Muldrow attempted to hand the manager an invoice ticket, "she snatched [it] from him" and "exploded in a very loud and embarrassing tone, 'Who the fuck does this *Nigger* think he's talking to, I'm not checking in this *Nigger*.'" *Id.* ¶¶ 13-14 (emphasis in original). Muldrow, who was "[c]ompletely shocked and in disbelief," asked the manager to repeat what she

---

[3] For the motion for judgment on the pleadings, the well-pled allegations in Muldrow's complaint are accepted as true. *See Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *Burbach Broad. Co. of Del.*, 278 F.3d at 405.

had said. *Id.* ¶ 15. The manager loudly repeated "I'm not checking in this *Nigger*," and walked away, refusing to help Muldrow with the inventory. *Id.* ¶¶ 14-15 (emphasis in original).

Muldrow waited about 10 minutes for another employee to assist him. *Id.* ¶ 16. That employee gave Muldrow the telephone number for Royal Farms's corporate headquarters so he could complain. *Id.* ¶ 16. At 10:08 a.m., Muldrow returned to his truck and called his supervisor, Jodie Sprenkle. *Id.* ¶ 17. She provided no advice. *Id.* Muldrow also called his route supervisor, Mike Halager, to report the incident, and contacted Royal Farms to "officially register his complaint." *Id.* ¶¶ 18-19. Royal Farms "inquired [about] what happened and requested [Muldrow's] employer's information." *Id.* ¶ 20.

Shortly after noon, Muldrow received a call from Richard Lewis, his union shop steward, advising him that he had been suspended. *Id.* ¶ 21. Lewis told Muldrow that he had been suspended because "he called Royal Farms headquarters to register a racial discrimination complaint" and "as a result, Royal Farms called . . . Schmidt's corporate headquarters, and requested that [Muldrow] not return to the store." *Id.* ¶ 22.

That afternoon, Muldrow and Lewis met with Sprenkle at the Schmidt depot. *Id.* ¶ 23. Lewis asked why Muldrow had been suspended. *Id.* ¶ 24. Sprenkle replied "I don't know why, it

3

came from corporate, if it were up to me we wouldn't be sitting here." *Id.* ¶ 24. She also stated that Muldrow's complaint "started a forest fire around the office." *Id.* ¶ 24. Sprenkle called Sharon Crispens, Schmidt's human resources director, about the suspension. *Id.* ¶ 25. Muldrow overheard Crispens say "I don't know, find something." *Id.* Sprenkle then asked Muldrow and Lewis to leave her office so that she could privately speak with Crispens. *Id.* ¶ 26.

When Muldrow later called Crispens, she "was evasive" about "how to handle the matter" and "within two hours of the conversation, [Muldrow] received a write-up indicating that he was suspended pending termination." *Id.* ¶ 27.

On May 6, 2010, Muldrow filed an EEOC complaint about his suspension. *Id.* ¶ 29. On May 17, 2010, Schmidt fired Muldrow. *Id.* ¶ 30. His routes were assigned to Scott Khulman, a white employee who had previously worked as a "jumper/floater" and "did not have a steady route because he was unreliable" and "would[] [not] complete his routes on time." *Id.*

On February 25, 2011, Muldrow sued the Defendants for violations of Title VII and related claims. ECF No. 1. On April 14, 2011, Schmidt moved to dismiss four of Muldrow's claims.[4] ECF No. 9. On April 20, 2011, while the motion to

---

[4] ECF No. 9. Schmidt moved to dismiss Counts IV through VII, which alleged hostile work environment and wrongful termination

dismiss was still pending, Royal Farms filed its answer. ECF No. 13.

On June 30, 2011, the Court granted in part and denied in part Schmidt's motion to dismiss. ECF No. 19. The Court denied the motion as to Count IV (hostile work environment) but dismissed Counts V through VII (wrongful termination, civil conspiracy, and conspiracy to interfere with civil rights). *Id.*

On August 24, 2011, Royal Farms moved to dismiss Count X, which alleges that Royal Farms conspired to violate Muldrow's civil rights, in violation of 42 U.S.C. § 1985. ECF No. 1 at 23; ECF No. 25. On September 12, 2011, Muldrow opposed that motion. ECF No. 26. On September 29, 2011, Royal Farms filed a reply. ECF No. 29.

II. Analysis

    A. Standard of Review

The same standard of review applies to Rule 12(c) motions for judgment on the pleadings and motions to dismiss for failure to state a claim under Rule 12(b)(6). *Burbach Broad. Co. of Del.*, 278 F.3d at 405. Rule 12(b)(6) motions test the legal sufficiency of a complaint, but do not "resolve contests surrounding the facts, the merits of a claim, or the

---

under Title VII, civil conspiracy, and conspiracy to interfere with civil rights under 42 U.S.C. § 1985. *See id.*; ECF No. 1 at 15-21.

applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).

The Court bears in mind that Rule 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." *Midgal v. Rowe Price-Fleming Int'l Inc.*, 248 F.3d 321, 325-26 (4th Cir. 2001). Although Rule 8's notice-pleading requirements are "not onerous," the plaintiff must allege facts that support each element of the claim advanced. *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 764-65 (4th Cir. 2003). These facts must be sufficient to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

This requires that the plaintiff do more than "plead[] facts that are 'merely consistent with a defendant's liability'"; the facts pled must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)(quoting *Twombly*, 550 U.S. at 557). The complaint must not only allege but also "show" that the plaintiff is entitled to relief. *Id.* at 1950. "Whe[n] the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Id.* (internal quotation marks omitted).

B. Royal Farms's Motion

In Count X, Muldrow asserts that Royal Farms and Schmidt violated § 1985(3) by "conspir[ing] to terminate [him]" to deprive [him] of . . . his rights to be free from racially motivated discrimination within the work place." Compl. ¶ 68. In moving to dismiss, Royal Farms argues that "the deprivation of a right created by Title VII" -- the right to be free from racially motivated workplace discrimination -- "cannot be the basis for a § 1985(3) conspiracy claim against a private employer."[5]

In response, Muldrow argues that the complaint also alleges that the Defendants' conspiracy was based on an "invidiously discriminatory animus toward African Americans who invoked their rights to free speech." ECF No. 26 at 4; Compl. ¶ 67. He contends that he was fired because the Defendants agreed that "he would not be allowed to return to Royal Farms after [he] reported the incident [of discrimination] to headquarters." ECF No. 26 at 4. Royal Farms counters that "where government action is not involved, an employee who has been discharged may not assert a claim for violation of the right to speak freely." ECF No. 29 at 3.

---

[5] ECF No. 25 at 6 (quoting the Court's June 30, 2011 memorandum opinion). The Court dismissed Muldrow's § 1985(3) against Schmidt on this basis. See ECF No. 18 at 11-12.

Section 1985(3) "provides no rights itself to the class conspired against"; rather, "[t]he rights, privileges, and immunities that [it] vindicates must be found elsewhere." *United Bhd. Of Carpenters & Joiners of Am. v. Scott*, 463 U.S. 825, 833 (1983).[6]  The First Amendment "restrains only official conduct." *Id.*  Thus, to state a claim for a § 1985(3) conspiracy to infringe free speech, the plaintiff must show that "the state was somehow involved in or affected by the conspiracy." *Id.*  Muldrow has not made such an assertion.

As the Court noted in its June 30, 2011 memorandum opinion,[7] the right to be free from racially motivated workplace discrimination cannot be the basis for a § 1985(3) conspiracy claim.  *See Great Am. Fed. Sav. & Loan Ass'n v. Novotny*, 442 U.S. 366, 378 (1979).  Accordingly, Count X must be dismissed.

---

[6] To state a § 1985(3) claim, a plaintiff must show:

> (1) a conspiracy of two or more persons, (2) who are motivated by a specific class-based, invidiously discriminatory animus to (3) deprive the plaintiff of the equal enjoyment of rights secured by the law to all, (4) and which results in injury to the plaintiff as (5) a consequence of an overt act committed by the defendants in connection with the conspiracy.

*A Soc'y Without A Name v. Virginia*, 655 F.3d 342, 346 (4th Cir. 2011) (internal citation omitted).

[7] *See* ECF No. 18 at 11-12.

III.  Conclusion

For the reasons stated above, Royal Farms's motion to dismiss Count X will be granted.

_____1/31/12_____                   _____/s/_____
Date                                    William D. Quarles, Jr.
                                        United States District Judge